# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| DONNA NIMITZ-NIX | § § | |
| V. | § § | NO. 1:05-CV-317 |
| BIOVAIL PHARMACEUTICALS | § § | |

## ORDER RE: "HOTLINE" HEARING

Participants:   Jane Brown, Esq.
                Attorney of record for Plaintiff

                David Comeaux, Esq.
                Attorney of record for Defendant

Date:           May 25, 2006

Time:           11:30 p.m.

Action on:      Deposition Dispute

Case Assigned To:  Hon. Ron Clark

## FACTUAL BACKGROUND & NATURE OF DISPUTE

Plaintiff, Donna Nimitz-Nix, is being deposed in relation to her age discrimination suit against defendant Biovail Pharmaceuticals, Inc.

Regarding plaintiff's alleged mental anguish damages, defendant's counsel asked questions concerning preexisting marital strife, a medical diagnosis of genital herpes, and use of anti-depressant prescription medication.

Plaintiff's counsel objected on the basis of relevance, and instructed plaintiff not to answer such questions. Counsel also argues that the subject matter is so personal that responding will cause plaintiff humiliation, embarrassment, and prejudice. Finally, plaintiff's counsel argues that defendant will suffer no prejudice without the testimony because defendant can introduce evidence at trial showing that plaintiff was prescribed anti-depressant medication before the adverse employment action which she now asserts caused mental anguish.

Based on this impasse between counsel, defendant moves the court to compel the witness to answer questions regarding pre-existing marital and medical conditions, including genital herpes, and anti-depressant medications.

## DECISION

The inquiry at issue has potential relevance regarding the origin, nature, extent and cause of plaintiff's alleged mental anguish damages. Therefore, it is a proper

subject for discovery. If the deposition testimony ultimately does not constitute relevance evidence, or if danger of unfair prejudice outweighs its probative value, the trial judge may strike or limit the testimony *in limine* or at trial. Further, under contemporary standards, the subject matter is not so intrinsically and necessarily stigmatizing that the court can conclude at this early point that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass or oppress the deponent. It is therefore

**ORDERED** that defendant's motion to compel is **GRANTED**, provided, however, that plaintiff's counsel may move to terminate or limit the deposition if defendant's counsel so belabors this line of questioning as to suggest improper motives in conducting the examination of the witness.

SIGNED this __25__ day of May, 2006.

_____
Earl S. Hines
United States Magistrate Judge